█ In the Matter of the Claim of EVELYN FEINZIG, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board sustaining a determination disqualifying claimant, a billertypist, from benefits, on the ground that without good cause she refused employment for which she was reasonably fitted by training and experience. (Labor Law, § 593, subd. 2.) Claimant's contention that her refusal was justified because the salary proffered was less than that which she received in her prior employment is unfounded, as substantial evidence supports the board's finding that the salary offered was at or in excess of the prevailing rate. (Labor Law, § 593, subd. 2, par. [d]; *Matter of Sellers* [*J. W. Mays, Inc.*], 13 A D 2d 204.) Claimant contends further that the area of lower Manhattan in which the employment was offered is a "bad" neighborhood; but there is evidence that such is a business area of large employment, the concern from which the job offer was received alone employing from 50 to 100 women in its office; and thus the board was warranted in rejecting claimant's contention. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

█ In the Matter of the Claim of VITO A. DANELO, Respondent, v. SIBLEY, LINDSAY & CURR CO. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision which denied an application for reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law; the issue being whether, prior to the time of the second injury, there existed permanent physical impairment, known to the employer, and constituting a handicap to employment, as the result of the surgical removal of a herniated disc some 19 months before the second injury. Appellants rely upon the medical evidence as to permanency adduced from the attending neurosurgeon, but his opinion that a permanent condition existed was not reached until after the second injury. This expert further testified that he examined the claimant 12 days before the second accident and that he "would have been unable to venture an opinion [as to permanency] at that time", and, when asked whether it would "take some time following that examination before you can actually state whether or not that condition or complaint was permanent", said that "you would have to have a number of years before you could tell too much about it". We need not determine whether the evidence relied upon by respondent Special Disability Fund as negating permanency may be accounted substantial as there is, in any event, ample warrant for the board's finding that the employer did not have an "informed" opinion (cf. *Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604, 606) "as to the existence of a permanent handicap" resulting from the prior injury. Indeed, any other finding, upon this record and with respect to an injury of this nature, would have "credited the employer with prescience which the medical experts did not possess." (*Matter of Vance* v. *Ormsby*, 6 A D 2d 960; *Matter of Connors* v. *Haywood Floor Co.*, 14 A D 2d 947; *Matter of Weinberger* v. *Zeibert & Sons*, 2 A D 2d 908.) Decision unanimously affirmed, with costs to respondent Special Disability Fund. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.